IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CRIMINAL NO. 3:13-CR-065-M |
| | § | |
| | § | |
| ATUL NANDA (01), | § | |
| JITEN "JAY" NANDA (02) | § | |

### DEFENDANTS' POST-VERDICT MOTION FOR JUDGMENT OF ACQUITTAL PURSUANT TO RULE 29, FEDERAL RULES OF CRIMINAL PROCEDURE

TO THE HONORABLE BARBARA M. G. LYNN, JUDGE
UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS:

COMES NOW, Defendant *ATUL NANDA,* by and through his counsel, JEFF

KEARNEY and WM. REAGAN WYNN, and Defendant JITEN "JAY" NANDA, by

and through his counsel MICHAEL P. GIBSON and CARL DAVID MEDDERS, and

file this their Post-Verdict Motion for Judgment of Acquittal pursuant to Rule 29(c)

of the Federal Rules of Criminal Procedure, and in support of said motion, would

show unto the Court as follows:

### I.

Defendants were tried before a jury in the above cause beginning on November

3, 2015. On November 12, 2015, the jury returned verdicts of guilty against both

defendants on Counts 1, 2, 3, and 5 of the Superceding Indictment.  Pursuant to an Order entered by this court on November 23, 2015, [doc #239]  this Motion is timely if filed on or before January 11, 2016.

## II.

Rule 29 of the Federal Rules of Criminal Procedure requires the Court to grant a Motion for Judgment of Acquittal if the evidence is insufficient to support the conviction. In making that determination the Court must view the evidence in a light most favorable to the verdict. Then the Court must determine whether a rational trier of facts could have found from the evidence that the Government had proven all the essential elements of the crime charged beyond a reasonable doubt.  *See, e.g., United States v. Castro*, 15 F.3d 417, 419 (5th Cir. 1994).  If it so finds then it should affirm. However, if the evidence viewed in the light most favorable to the prosecution "gives equal or nearly equal circumstantial support to a theory of guilt and a theory of innocence the conviction should be reversed." *See, e.g.*, *United States v. Schuchmann*, 84 F.3d 752, 754 (5th Cir. 1996) (quoting *United States v. Pennington*, 20 F.3d 593, 597 (5th Cir. 1994)).  In fact, the Court in viewing the evidence under the above standard is required to grant a motion for acquittal "when the evidence viewed in the light most favorable to the Government is so scant that the jury could only speculate as to Defendant's guilt.  The test is whether a reasonably minded jury must have had

a reasonable doubt as to the existence of any of the essential elements of the crime .
. . ." *United States v. Herberman*, 583 F.2d 222, 231 (5th Cir. 1978).

## III.

At the close of the government's case and at the close of all evidence,
Defendants both moved for a judgment of acquittal pursuant to FED. R. CRIM. PROC.
29(a).  Defendants hereby adopt and re-urge in support of this Motion all of the
previously made factual and legal arguments made in support of their oral Rule 29(a)
motions.  Defendants continue to submit that, even considering the evidence in the
light most favorable to the Government, no reasonable juror could conclude that the
Government proved any of the elements of the charges contained in Counts 1, 2, 3,
and 5 of the Superceding Indictment beyond a reasonable doubt.

## IV.

While continuing to assert, and without waiving, the arguments set out above,
defendants submit the following specific additional arguments in support this Motion:

### A) Count 2

In Count 2 of the Superceding Indictment, defendants were accused of
Conspiracy to Harbor Illegal Aliens.  The Court's Charge required the jury to answer
a special issue asking if they found beyond a reasonable doubt that each defendant
conspired to harbor aliens "for the purpose of commercial advantage or private

financial gain." The charge defined "commercial advantage" as "a profit or gain, in money or property, obtained through business activity" and "private financial gain" as "profit or gain in money or property specifically for a particular person or group."

Defendants respectfully submit that no evidence was presented indicating that they agreed or conspired to harbor aliens through "benching" for commercial gain. The evidence presented indicated that the only way Dibon could make any money or gain any advantage whatsoever was if they could actually place the allegedly "benched" workers on a project so that they could bill a client for work. There was no evidence presented of any contract or job that Dibon was able to obtain which it would not have been able to obtain but for the allegedly "benched" workers.

Under these circumstances, no rational juror could find beyond a reasonable doubt that defendants conspired to harbor aliens "for the purpose of commercial advantage or private financial gain."

## B) Counts 3 and 5

In Counts 3 and 5 of the Superceding Indictment, defendants were accused of wire fraud and aiding and abetting.  Counts 3 and 5 alleged that, "for the purpose of executing the foregoing scheme and artifice to defraud, *and to obtain money*, by means of false pretenses, representations and promises," defendants caused Labor Condition Applications ("LCA's") to be transmitted to the Department of Labor

concerning two of the allegedly "benched" workers, N.M. and U.T. The Court's Charge to the Jury required the jury find beyond a reasonable doubt that defendants "knowingly devised or intended to devise any scheme to defraud," defined as "any plan, pattern, or course of action *intended to deprive another of money or property*."

Defendants respectfully submit that no evidence was presented indicating that they knowingly devised a scheme to defraud for the purpose of depriving another of money or property.  While there certainly was evidence presented indicating that Dibon submitted the LCA's in question, there was no evidence whatsoever presented indicating that Dibon deprived anyone of any money or other property by its actions. As alleged in paragraph 10 of the Superceding Indictment, Dibon's alleged "benching" of some workers ". . . provided [Dibon] with a labor pool of inexpensive, skilled foreign workers who could be used on an 'as needed' basis.  This scheme was profitable because it required minimal overhead and Dibon could charge significant hourly rates for a computer consultant's services.  Accordingly, [Dibon] earned a substantial profit margin when a consultant was assigned to a project and incurred few costs when a worker was without billable work."  Simply put, the alleged "benching" did not result in Dibon or either of the individual defendants receiving money or property – at most, it resulted in them having workers available who would be paid for work actually performed.  Indeed, the evidence demonstrated that, if anything, the

allegedly "benched" workers benefitted from being able to come to or remain in the United States to work.

Under these circumstances, no rational juror could find beyond a reasonable doubt that defendants acted "to obtain money" or "intended to deprive another of money or property" and this Court should enter a judgment of acquittal on Counts 3 and 5 of the Superceding Indictment.

### *PRAYER*

WHEREFORE, PREMISES CONSIDERED, defendants Atul Nanda and Jiten "Jay" Nanda respectfully prays that this Court will set aside the jury's verdicts and enter a judgment of acquittal as to Counts 1, 2, 3, and 5 of the Superceding Indictment.

Respectfully submitted,

BURLESON, PATE & GIBSON, L.L.P.

*/s/ Michael P. Gibson*
MICHAEL P. GIBSON

900 Jackson Street, Suite 330
Dallas, TX 75202
Office: (214) 871 4900
Fax: (214) 871 7543
Email: mgibson@bp-g.com

COUNSEL FOR DEFENDANT
JITEN "JAY" NANDA

KEARNEY | WYNN

*/s/  Jeff Kearney*
JEFF KEARNEY
TEXAS BAR CARD NO. 11139500

3100 West 7th Street, Suite 420
Fort Worth, Texas 76107
Telephone: (8l7) 336-5600
Facsimile: (817) 336-5610
Email: jkearney@kearneywynn.com

COUNSEL FOR DEFENDANT
ATUL NANDA


CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing was delivered by ECF filing to Dan Gividen, Esq., the Assistant United States Attorney in charge of this case, 1100 Commerce, 3rd floor, Dallas, TX 75242, on this the 11th day of January, 2016.

*/s/Jeff Kearney*
JEFF KEARNEY